IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
| Plaintiff, | ) | CV 65-127-PA |
| | ) | |
| v. | ) | |
| | ) | |
| HARRY S. STONEHILL and | ) | **ORDER** |
| ROBERT P. BROOKS, | ) | |
| | ) | |
| Defendants. | ) | |

**PANNER, J.**

Defendants moved to compel production of documents. After the Central Intelligence Agency (CIA) objected to disclosing documents requested by defendants, I ordered the government to submit the documents to the court for *in camera* review. These are my rulings after my *in camera* review of the documents on April 5, 2006.

/ / /

1  - ORDER

## DISCUSSION

Present during the *in camera* review in the court's chambers were Marilyn Dorn, CIA Information Review Officer; Catherine Giambastiani, Office of General Counsel for the CIA; Edyth Jo Southard, Litigation Analyst for the CIA; and Charles Duffy, a trial attorney for the U.S. Department of Justice.

The United States filed, *in camera*, a privilege log, which describes the documents to which the CIA objected. I have reviewed the documents listed in the privilege log. I order that all redacted portions of the documents be disclosed, subject to the following general guidelines:

1. The names of individuals of the United States and Philippine governments may be redacted and substituted with "U.S. government official" or "Philippine government official";

2. Information regarding general CIA activities not related to this case may be redacted; and

3. Information relating to stories from newspapers concerning allegations of CIA activities may be redacted.

Document 3, page 8 of the privilege log, was previously released pursuant to the Freedom of Information Act in partially redacted form. Information previously redacted

2 - ORDER

shall now be disclosed on the following pages:

Page 15: The first paragraph shall be disclosed except for information consistent with my general rulings.

Page 16: All text shall be disclosed except for information consistent with my general rulings.

After reviewing the documents, I have determined that the redacted information is currently and properly classified in accordance with section 1.4(c) of Executive Order 12958, as amended, 50 U.S.C.A. § 435 note at 165 (Supp. 2005), because its unauthorized disclosure reasonably could be expected to cause damage to the national security. The court is satisfied that disclosure of the redacted information would tend to reveal intelligence activities, sources, and methods that are statutorily protected from disclosure by section 102A(i)(1) of the National Security Act of 1947, as amended, 50 U.S.C.A. § 403-1(i)(1) (Supp. 2005), and section 6 of the Central Intelligence Agency Act of 1949, as amended, 50 U.S.C.A. § 403(g) (Supp. 2005).

My rulings on the CIA's objections do not foreclose the government from objecting to this court's rulings on relevance, as set forth in the December 20, 2005 order.

/ / /

/ / /

3 - ORDER

IT IS SO ORDERED.

DATED this ___12___ day of April, 2006.

                                        OWEN M. PANNER
                                        U.S. DISTRICT JUDGE